```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF PUERTO RICO

LUIS COSTAS ELENA, et al.,

    Plaintiffs,
                                    Civil No. 08-2403 (JAF)
    v.

MUNICIPALITY OF SAN JUAN, et al.,

    Defendants.
_____

PUERTO RICO ELECTRIC POWER
AUTHORITY,

    Cross-Claim Plaintiff,

    v.

MUNICIPALITY OF SAN JUAN,

    Cross-Claim Defendant.
```

**OPINION AND ORDER**

Plaintiffs, Luis Costas Elena, Hazel Russell McMillan, and their conjugal partnership, bring this action under 42 U.S.C. § 1983 against Defendants, the Municipality of San Juan ("Municipality"); Andrés Rivera and Fernando Cordero, in both their official and personal capacities; and Henry Paredes, Carmen Despradel, and their conjugal partnership ("Neighbors"). (Docket No. 1.) Plaintiffs allege invasion and public takings of their trees and shrubs without proper notice or compensation, in violation of the Fourth, Fifth, and Fourteenth Amendments and the

Puerto Rican Federal Relations Act, 81 Pub. L. No. 600, 64 Stat. 319 (1950), and in breach of Puerto Rico law. (Id.)

Neighbors implead the Puerto Rico Electric Power Authority ("PREPA") for contribution. (Docket No. 26.) PREPA sues Municipality for contribution. (Docket No. 38.) Municipality moves to dismiss this last claim under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for judgment on the pleadings under Rule 12(c). (Docket No. 42.) PREPA opposes the motion. (Docket No. 46.) For the reasons below, we believe that sua-sponte judgment on the pleadings in favor of Neighbors is appropriate.

## I.

## **Factual and Procedural History**

Under Federal Rule of Civil Procedure 12(c), we consider the averments in Plaintiffs' complaint (Docket No. 1) and Neighbors' answer (Docket No. 21). We assume the parties' factual allegations to be true and draw all reasonable inferences in Plaintiffs' favor. See Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007).

Plaintiffs and Neighbors own properties in the Santa María Urbanization in San Juan. Plaintiffs have resided on their parcel for over thirty years, whereas Neighbors purchased their two adjacent parcels over forty years ago and have since let them for rent. Plaintiffs' and Neighbors' properties abut and are separated by a narrow public servitude for electric power transmission.

Plaintiffs and Neighbors maintain trees and shrubbery along the perimeter of their respective properties and have antagonized one another over the years as to the maintenance of the vegetation and incursions across each others' property lines. From May 27 through June 5, 2008, Municipality, Rivera, and Cordero ordered their employees to clear branches and debris in the servitude. These employees destroyed Plaintiffs' cherished vegetation in the course of their labors.

Plaintiffs accuse Neighbors of "acting jointly and concertedly" with other Defendants in this deprivation, and that Neighbors had allowed unknown persons to damage Plaintiffs' vegetation. (Docket No. 1.) Neighbors explain that the Puerto Rico Natural Resources Department ("DRNA") had granted them a permit to trim a tree on their property that had obstructed power lines. (Docket No. 21.) Neighbors explain further that PREPA oversaw the tree trimming and disconnected electrical power on May 27, 2008, to permit Municipality to engage in the trimming itself.

On December 23, 2008, Plaintiffs commenced this case in this court. (Docket No. 1.) Neighbors brought a counterclaim against Plaintiffs for trespass to land under Puerto Rico law on February 5, 2009. (Docket No. 21.)

Civil No. 08-2403 (JAF)                                               -4-

On February 28, 2009, Municipality and Rivera raised a cross-claim against Neighbors.[1] (Docket No. 22.) On March 4, 2009, Neighbors countered with a cross-claim for contribution against Municipality; Rivera, Cordero, and their respective conjugal partnerships; and unknown insurance companies. (Docket No. 24.)

On March 11, 2009, Neighbors impleaded as third-party defendants the Puerto Rico Electric Power Authority ("PREPA") and three unknown insurance companies. (Docket No. 26.) On June 14, 2009, PREPA asserted a counterclaim against Neighbors for contribution. (Docket No. 37.) The same day, PREPA brought a cross-claim against Municipality. (Docket No. 38.) On July 20, 2009, Municipality moved to dismiss this cross-claim or, alternatively, for judgment on the pleadings (Docket No. 42); PREPA opposed on August 4, 2009 (Docket No. 46).

**II.**

**Standard for Judgment on the Pleadings under Rule 12(c)**

Rule 12(c) allows any party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay the trial." Fed. R. Civ. P. 12(c). "The standard for evaluating a Rule 12(c) motion . . . is essentially the same as that for deciding a Rule 12(b)(6) motion." Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v.

---

[1] Municipality and Rivera aver no facts for their cross-claim, which appears to be a blunder. (See Docket No. 22.)

Flores Galarza, 484 F.3d 1, 22 (1st Cir. 2007) (quoting Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005)).

Borrowing from the standard for dismissal under Rule 12(b)(6), "a [movant's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008) (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff's complaint and the defendant's answer "must contain factual allegations sufficient to 'raise a right to relief above the speculative level.'" Id. (quoting Twombly, 550 U.S. at 555).

A sua-sponte judgment on the pleadings may obtain where "one party is clearly entitled to judgment." Flora v. Home Fed. Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982); cf. Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (holding that sua-sponte dismissals for failure to state a claim are appropriate "in limited circumstances"). Before ordering judgment, the court usually affords the target an opportunity to address the challenge. See Chute, 281 F.3d at 319.

### III.

### Analysis

Plaintiffs' and Neighbors' pleadings convince us that sua-sponte disposition under Rule 12(c) is proper. For an action to

lie under 42 U.S.C. § 1983 against private persons, such persons must have acted under color of law so that their conduct could be deemed state action. See Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997). The First Circuit test for state action by private actors is whether there exists "(1) . . . an elaborate financial or regulatory nexus between [Defendants] and the government of Puerto Rico which compelled [Defendants] to act as they did, (2) an assumption by [Defendants] of a traditional public function, or (3) a symbiotic relationship involving the sharing of profits." Barrios-Velázquez v. Asociación de Empleados, 84 F.3d 487, 493 (1st Cir. 1996) (alterations in original) (quoting Rodríguez-García v. Dávila, 904 F.2d 90, 94 (1st Cir. 1990)). The traditional public function test prevents states from avoiding liability by delegating "traditional, exclusively sovereign functions" to private actors. Id. at 493-94.

In the case at bar, Plaintiffs aver scant details to support Neighbors' complicity with governmental actors.[2] Meanwhile,

---

[2] We note that Plaintiffs' averment, that "[a]t all times pertinent defendants Paredes were present and acted jointly and concertedly with other defendants in the actions described herein," may be legally insufficient. (See Docket No. 1.) This passage contains no description of Neighbors' alleged conduct to permit the inference that Neighbors engaged in concerted action with state actors. Such allegations are mere legal conclusions that may fail as a matter of law. See Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008).

The complaint further states that Neighbors "twice caused [unknown] persons . . . to clandestinely invade plaintiffs' property, cut and decapitate some of plaintiffs' palm trees and bushes." (Docket No. 1.) However, such activity merely constitutes a trespass and destruction of accessories to land, which are the province of ordinary tort law, not the

Neighbors' answer furnishes grounds for judgment in their favor. In addressing Plaintiffs' charge, Neighbors aver that they had received a permit from DRNA to clip a tree on their own property in order to ameliorate an obstruction of public power lines. (Docket No. 21.) After PREPA disconnected electrical power to alleviate the potential hazard to workers, Neighbors permitted servants of Municipality to conduct the actual trimming. (Id.)

To determine § 1983 liability, we must decide whether Neighbors' procurement of the permit and authorization of Municipality to trim branches is attributable to the government of Puerto Rico. See Bárrios-Velázquez, 84 F.3d at 493. The pleadings permit no inference of either an elaborate regulatory scheme commanding Neighbors' activities or a symbiotic financial relationship between these same two parties. See id. Furthermore, the trimming of tree branches is not the sort of "traditional public function" that has always been the exclusive responsibility of state actors. See id. at 493-94; Yeo, 131 F.3d at 252 (distinguishing conduct of jury trials, a traditional governmental function, from operation of newspapers, which is not).

Because Neighbors' procurement of a DRNA permit to trim their tree is not "[delegation of] traditional governmental authority to a private actor," Yeo, 131 F.3d at 252, Neighbors cannot be

---

Federal Constitution. See P.R. Civ. Code art. 1802 (1930).

Civil No. 08-2403 (JAF)                                                -8-

accountable under § 1983. It follows that we should decline supplemental jurisdiction over Plaintiffs' action in trespass against Neighbors.[3] See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992).

**IV.**

**Conclusion**

Accordingly, we hereby **ORDER** Plaintiffs to **SHOW CAUSE**, on or before **November 9, 2009**, as to why we should not order judgment on the pleadings in favor of Neighbors and dismiss Plaintiffs' claims under Puerto Rico law against Neighbors (Docket No. 1). We **RESERVE JUDGMENT** on Municipality's motion to dismiss (Docket No. 42) pending the resolution of this order to show cause.

We further **RESERVE JUDGMENT** on Neighbors' counterclaim against Plaintiffs (Docket No. 21); Municipality and Rivera's cross-claim against Neighbors (Docket No. 22); Neighbors' cross-claim against Municipality; Rivera, Cordero, and their respective conjugal partnerships; and unknown insurance companies (Docket No. 24); Neighbors' third-party complaint against PREPA and unknown insurance companies (Docket No. 26); PREPA's counterclaim against Neighbors (Docket No. 37); and PREPA's claim against Municipality

---

[3] We have chosen the unusual course of sua-sponte judgment on the pleadings because the federal court is not a forum for in terrorem lawsuits to force settlement in neighborhood disputes. According to an ancient adage, "Good fences make good neighbors." See Robert Frost, Mending Wall, in North of Boston (1914). We encourage Plaintiffs and Neighbors to find an amicable solution.

Civil No. 08-2403 (JAF)                                                -9-

(Docket No. 38). We **RETAIN** Plaintiffs' claims against Municipality, Rivera, and Cordero (Docket No. 1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of October, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief, U.S. District Judge