UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS COSTAS-ELENA, et al.,

    Plaintiffs,

    v.

MUNICIPALITY OF SAN JUAN, et al.,

    Defendants.

-----------------------------------------------------

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Cross-Claim Plaintiff,

    v.

MUNICIPALITY OF SAN JUAN,

    Cross-Claim Defendant.

Civil No. 08-2403 (JAF)

**O R D E R**

On October 28, 2009, we issued an Opinion and Order that required Plaintiffs to show cause as to why we should not order sua-sponte judgment on the pleadings in favor of Defendants Henry Paredes, Carmen Despradel, and their conjugal partnership ("Neighbors"). (Docket No. 52.) Plaintiffs submitted a brief in response on November 18. (Docket No. 59.)

Civil No. 08-2403 (JAF)                                                                                                      -2-

In ordering Plaintiffs to show cause, we reasoned that the pleadings in this case cannot establish Neighbors' liability under 42 U.S.C. § 1983.[1] (Docket No. 52.) Specifically, we observed that Neighbors' procurement of a permit to trim tree branches did not transform them into state actors for the purposes of § 1983. (Id.) Plaintiffs respond by arguing that they have sufficiently alleged Neighbors' willful joint action with state actors as the basis for Neighbors' liability. (Docket No. 59.)

Section 1983 permits plaintiffs to sue defendants who acted under the color of state or territorial law to deprive plaintiffs of their federal rights. 42 U.S.C. § 1983. For a private person to incur liability, "the alleged deprivation must be 'fairly attributable to the State.'" González-Morales v. Hernández-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

> The fair attribution test requires both a state policy and a state actor. The state policy component requires that the deprivation be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. The state actor

---

[1] "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 22 (1st Cir. 2007) (quoting Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005)); see Fed. R. Civ. P. 12(c). Borrowing from the standard for dismissal under Rule 12(b)(6), "a [movant's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008) (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff's complaint and the defendant's answer "must contain factual allegations sufficient to 'raise a right to relief above the speculative level.'" Id. (quoting Twombly, 550 U.S. at 555).

>component requires that the party charged with the deprivation must be a person who may fairly be said to be a state actor. A defendant may be a state actor because he is a state official, because he acted together with a state official, or because his conduct is otherwise chargeable to the State.

Id. (internal quotation marks and citations omitted). With respect to joint action with state officials, it suffices if the defendant "is a willful participant in joint activity with the State or its agents." Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 259 (1st Cir. 1993). "It is obvious, nonetheless, that something more than mere resort to a state court is required to transform the [defendant] into a 'co-conspirator or a joint actor with the judge.'" Id. (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980)).

In the instant case, Plaintiffs set forth four groups of allegations against Neighbors. (Docket No. 1.) First, Plaintiffs aver that Neighbors twice permitted persons to invade Plaintiffs' property prior to May 27, 2008, to cause damage to Plaintiffs' arbor and shrubbery. (Docket No. 1.) Second, Plaintiffs accuse Neighbors of (1) intentional failure to notify Plaintiffs or to afford them an opportunity for a fair hearing prior to the deprivation; (2) destruction of wooden structures in Plaintiffs' garden through careless trimming of tree branches; (3) public takings of 1,250 square feet of Plaintiffs' property without just compensation from May 27, 2008, through June 5, 2008; (4) destruction of trees on Plaintiffs' property; (5) destruction of plants in Plaintiffs' garden; and (5) destruction of a particular tree that was then in full bloom. (Id.) Third, in their recitation of facts, Plaintiffs allege that municipal workers entered Neighbors' property to conduct the tree trimming on

Civil No. 08-2403 (JAF) -4-

May 27, 2008, and informed Plaintiffs that Neighbors had requested the tree cutting a year prior. (Id.) Lastly, Plaintiffs aver generally that Neighbors "acted jointly and concertedly with other defendants" to deprive Plaintiffs of their property, without notice, from May 27 through June 5, 2008.[2] (Id.)

In their answer, Neighbors allege that they had procured a permit from the Puerto Rico Natural Resources Department ("DRNA") to trim tree branches on their property that interfered with electric power lines. (Docket No. 21.) Municipal workers then proceeded to trim pursuant to the permit. (Id.) Neighbors also aver that Plaintiffs had, on two prior occasions, complained bitterly and called the police when employees of the Puerto Rico Electric Power Authority ("PREPA") entered a public servitude between Plaintiffs' and Neighbors' properties to trim branches that obstructed power lines. (Id.)

Applying the Rule 12(c) standard and the state action doctrine to Plaintiffs' first set of allegations predating May 27, 2008 (Docket No. 1) and Neighbors' answer (Docket No. 21), we must infer either that the alleged trespassers were non-governmental, or that Neighbors had not coordinated with PREPA to harm Plaintiffs' property from the public servitude. See González-Morales, 221 F.3d at 49. As for Plaintiffs' subsequent litany of averments against Neighbors, none of these alleged acts on their face involved the government of Puerto Rico. (See Docket No. 1.)

---

[2] In responding to our order to show cause, Plaintiffs also adduce voluminous evidence that, as Rule 12(c) suggests, does not relate to the pleadings at issue. (See Docket Nos. 59; 62.)

Civil No. 08-2403 (JAF)                                                                                     -5-

The only indications of state involvement appear in Plaintiffs' third set of allegations and in Neighbors' answer, i.e., the presence of municipal workers on Neighbors' property and Neighbors' application for a DNRA permit to trim trees. (Docket Nos. 1; 21.) Under the fair attribution test for state action, Neighbors' procurement of the permit constitutes an exercise of a privilege under Puerto Rico law that meets the state policy prong. See González-Morales, 221 F.3d at 49. To be deemed a state actor under the second prong, however, Neighbors had to willfully act in concert with state officials beyond mere resort to a privilege granted by law. See id. In Dennis v. Sparks, the private defendant allegedly conspired with the judge through bribery to obtain a judicial decree. 449 U.S. at 28. Here, the presence of municipal workers on Neighbors' land suggests no more than that Neighbors had requested a tree trimming and permitted state workers to execute the desired action.

Lastly, Plaintiffs' bald assertion that Neighbors "acted jointly and concertedly with other defendants" (Docket No. 1) is the sort of unsupported legal conclusion that is given no weight under the relevant standard for dismissal on the pleadings. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))); Gagliardi v. Sullivan, 513 F.3d 301, 305-06 (1st Cir. 2008). Plaintiffs' unsubstantiated averment simply recites the First Circuit test for state action without elucidating the factual basis for Neighbors' alleged conspiracy with state officials to take Plaintiffs' property. The

assertion also cannot augment Plaintiffs' other allegations, which we have determined to be legally insufficient. We, therefore, find that the pleadings, when construed in the light most favorable to Plaintiffs, do not entitle them to relief against Neighbors under § 1983.

Accordingly, we hereby **ORDER** judgment on the pleadings for Neighbors. We:

1) **DISMISS** all federal claims against Neighbors (Docket No. 1) **WITH PREJUDICE** and all Puerto Rico claims against Neighbors (id.) **WITHOUT PREJUDICE**;

2) **DENY AS MOOT** the motion to dismiss filed by the Municipality of San Juan ("Municipality") (Docket No. 42);

3) **DISMISS AS MOOT** Neighbors' counterclaim against Plaintiffs (Docket No. 21); Municipality and Andrés Rivera's cross-claim against Neighbors (Docket No. 22); Neighbors' cross-claim against Municipality; Rivera, Fernando Cordero, and their conjugal partnerships; and unknown insurers (Docket No. 24); Neighbors' third-party complaint against PREPA and unknown insurers (Docket No. 26); PREPA's counterclaim against Neighbors (Docket No. 37); and PREPA's claim against Municipality (Docket No. 38); and

4) **RETAIN** only Plaintiffs' claims against Municipality, Rivera, and Cordero under federal and Puerto Rico laws (Docket No. 1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of December, 2009.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge